**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, | |
| *Plaintiff*, | Civil Action No. 1:24-cv-884-ADA |
| v. | PATENT CASE |
| TESLA, INC., | JURY TRIAL DEMANDED |
| *Defendant*. | |

**NOTICE OF SOTERA PLUS STIPULATION OF
DEFENDANT TESLA, INC.**

On December 30, 2024, Defendant Tesla, Inc. ("Defendant") filed a petition for *Inter Partes* Review ("IPR") of one of the patents in this lawsuit – U.S. Patent No. 7,916,180 – with the Patent Trial and Appeal Board of the United States Patent and Trademark Office (the "PTAB"). This IPR proceeding, IPR2025-00339, challenges claims 1-3, 10-12, 22-25, 28, 30, and 32-33 of U.S. Patent No. 7,916,180.

The claims challenged in IPR2025-00339 include all the claims of the '180 patent that are asserted against the Defendant in this litigation.[1]

Defendant hereby notifies the Court and Plaintiff that Defendant is submitting the following broadened *Sotera* stipulation ("*Sotera* Plus stipulation") in connection with the petition in IPR2025-00339. *See Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 at 18–19 (PTAB Dec. 1, 2020) ("*Sotera*") (describing the standard, unbroadened *Sotera* stipulation).

Defendant hereby stipulates, broader than the stipulation made by the Petitioner in *Sotera* that, if the PTAB institutes an IPR (and does not subsequently vacate institution) in response to

---

[1] Plaintiff asserts ten other patents in this lawsuit that are not subject to the above IPR petition filed by Defendant.

Defendant's petition against Plaintiff's U.S. Patent No. 7,916,180 (IPR2025-00339), Defendant will not pursue in this litigation against the claims challenged in IPR2025-00339, (i) the specific grounds raised in IPR2025-00339, (ii) any other grounds that could have reasonably been raised before the PTAB in that instituted proceeding (i.e., any ground that could have reasonably been raised under §§ 102 or 103 on the basis of prior art patents or printed publications), or (iii) any ground based on a combination of system prior art and the references asserted as part of a ground raised in IPR2025-00339, as reflected in the table summarizing the Statutory Grounds for Challenges on page 10 of the Petition.

Defendant's *Sotera* Plus stipulation above is not intended and should not be construed to limit Defendant's ability to assert invalidity of any claims of the patents-at-issue in this lawsuit based on any other ground.

Dated: May 20, 2025                    Respectfully Submitted,

**FISH & RICHARDSON P.C.**

By:     */s/ Matt Colvin*
           Aamir A. Kazi (admitted to W.D. Tex.)
           kazi@fr.com
           1180 Peachtree Street, 21st Floor
           Atlanta, GA 30309
           (404) 892-5005

           Daniel R. Gopenko (admitted to W.D. Tex.)
           gopenko@fr.com
           1000 Maine Ave SW, Suite 1000
           Washington, DC 20024
           (202) 783-5070

           David M. Hoffman (TX Bar No. 24046084)
           hoffman@fr.com
           111 Congress Avenue, Suite 2000
           Austin, TX 78701
           (512) 472-5070

           Matt Colvin (TX Bar No. 24087331)
           colvin@fr.com
           Michael Ellis (TX Bar No. 24102726)
           ellis@fr.com
           1717 Main Street, Suite 5000
           Dallas, TX 75201
           (214) 747-5070

           Kathryn Quisenberry (TX Bar No. 24105639)
           quisenberry@fr.com
           909 Fannin Street, Suite 2100
           Houston, TX 77010
           (713) 654-5300

**TESLA, INC.**

           Paul Margulies (admitted to W.D. Tex.)
           pmargulies@tesla.com
           800 Connecticut Avenue NW
           Washington, DC 20006
           (202) 695-5388

**COUNSEL FOR DEFENDANT,**
**TESLA, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 20, 2025, and was served via CM/ECF on all counsel of record.

*/s/ Matt Colvin*
Matt Colvin